BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: INVOKANA <br> (CANAGLIFLOZIN) PRODUCTS <br> LIABILITY LITIGATION | § <br> § <br> § | MDL No. 2750 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF ANTHONY ALLEN, ET AL.
TO THE MOTION FOR TRANSFER AND CONSOLIDATION OF ACTIONS
PURSUANT TO 28 U.S.C. § 1407 AND IN SUPPORT OF TRANSFER TO
THE SOUTHERN DISTRICT OF ILLINOIS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Interested Parties who have filed actions in the Southern District of Illinois respectfully submit this Response to the Motion for Transfer and Consolidation filed by Seeger Weiss, LLP (hereinafter referred to as the "Seeger Weiss Motion"). *See* Doc. 1-1.[1] The Interested Parties agree that transfer of all actions related to *In re: Invokana (Canagliflozin) Products Liability Litigation* is appropriate for pre-trial purposes and

---

[1] This Interested Party Response is filed on behalf of the following plaintiffs: *Anthony Allen v. Janssen Pharmaceuticals, Inc., et al.*, Case No. 3:15-cv-01195 (SDIL); *William Counts v. Janssen Pharmaceuticals, Inc., et al.*, Case No. 3:15-cv-01196 (SDIL); *Gene Schurman v. Janssen Pharmaceuticals, Inc., et al.*, Case No. 3:15-cv-01180 (SDIL); *Brenda Freeman, as Personal Representative of the Estate of Everett Freeman, deceased, Cynthia Acker, Mary Acosta, Irma Amador, Brandon Andrews, Timothy Bailey, David Bartram, Zako Bassil, Estella Benson, Reginald Boldon, Robert Bolton, Christopher Bopper, Barry Bressler, Mary Brockett, Jeri Buckley, William Campbell, Diana Castro, Ron Chapman, Cynthia Cole, Robert Coogan, David Cornell, Crystal Williams, Individually and on behalf of Mikel Duty, deceased, Elizabeth Curlett, Irma Donatelli, Mary Duniphin, Shameka Ellis, Frances Elrod, Marsha Engle, Michael Francis, Rebecca Frey, Millye Gailey, Benigno Garcia, David Gordon, Deborah Hancock, Wendy Hansen, Brian Heaney, Kenneth Hemingway, Guillermo Hernandez, William Calbow, Lawrence Herring, Larry Hightower, Carol Hollingsworth, Dana Hudson, George Jones, Shirley King, Deborah Knox Bush, Douglas Koontz, Timothy Krinsky, Candice Laidley, Alfredo Leal, Scott Lenhart, Rhonda Litchfield, Scotty Long, Leo Longoria, Fides Maribao, Tom Martilotta, Gwendolyn Martin, Gary Mattice, James McCall, Nancy McMahan, Chip McVay, Warren Merrill, Darryl Mitchell, Debra Morey, Mariano Navarro, Deanna Neff, Demetria Nelson, David Nira, Johnny Penton, Vanellen Hawthorne, Tina Perkins, Denise Phillips, Joe Phillips, William Portser, Christopher Posey, George Prather, Ronald Pullis, Michelle Ramper, Robert Reinhart, Vicki Roberts, Angela Robinson, Janice Robinson, Mario Rodriguez, Abbie Salamon, Charles Schenkenberger, Lisa Schmieg, Patricia Scott, Dan Sherman, Kenneth Singleton, Hank Skinner, Sharon Stevenson, John Stewart, Tony Stiles, George Stomi, Jr., Kathy Stone, Letitia Strange, John Sturtz, Laymin Taha, James Traina, Michael Wade, Geoffrey Warren, Kenneth Washington, Phyllis Washington, Nancy Weaver, Dick Wheeler, Katherine White, Walker Williams, Clifford Wright v. Janssen Pharmaceuticals, Inc., et al.*, Case No. 3:16-cv-00557 (SDIL).

respectfully submits that, for the reasons set forth below, the most suitable transferee Court is the United States District Court for the Southern District of Illinois. Alternatively, these Interested Parties would support the United States District Court for the District of New Jersey, specifically Judge Martinotti, for the reasons set forth below and in the Seeger Weiss Motion. *See* Doc. 1-1.

## I.     INTRODUCTION

It is clear that this Panel should consolidate and coordinate these actions because the criteria set forth in 28 U.S.C. § 1407 is satisfied. Common issues among plaintiffs predominate this litigation and formal consolidation would promote the just and efficient conduct of the litigation while serving the convenience of all parties and witnesses. In addition, this is a litigation of national scope and the number of cases across the country are only expected to escalate as evidenced by the number of adverse events reported, thus warranting formal consolidation. This Panel should transfer and consolidate the actions to a district with experience in MDLs, as well as to a judge who has the experience in handling complex nation-wide pharmaceutical actions.

## II.    ARGUMENT

### A. Consolidation and coordination of all related actions is appropriate.

Under Title 28, Section 1407, the Panel considers the following three factors when determining whether to authorize transfer and consolidation of multidistrict actions: (1) one or more common questions of fact are pending in different districts; (2) a transfer would serve the convenience of parties and witnesses; and (3) a transfer would promote the just and efficient conduct of the actions.[2] 28 U.S.C. § 1407(a). These factors are unequivocally satisfied. Transfer

---

[2] *See also In re: Neomedic Pelvic Repair Sys. Products Liab. Litig.*, 999 F. Supp. 2d 1371, 1372 (J.P.M.L. 2014) (Centralization is appropriate where it "will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary."); *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 997 F. Supp. 2d 1354, 1357 (J.P.M.L. 2014) (same).

and coordination is appropriate given the high volume of current and ensuing cases that all assert similar, if not the same, factual and legal allegations surrounding the defective drugs Invokana and Invokamet, which are designed, tested, manufactured, labeled, marketed, distributed, and sold by Defendants Janssen Pharmaceuticals, Inc. ("Janssen"), Johnson & Johnson, Co. ("J&J"), and Mitsubishi Tanabe Pharma Corp. ("Mitsubishi") (collectively, "Defendants").

Transfer and consolidation are also necessary to avoid duplicative discovery, repetitive and potentially conflicting pretrial rulings, and a waste of judicial and party resources. Without centralization, numerous—and likely identical—depositions of the same fact and expert witnesses will take place in a multitude of districts across the nation. Not only will this create an inconvenience for the witnesses and counsel involved, but it will require counsel for both plaintiffs and defendants to expend significant financial resources to support these likely duplicative depositions. This scenario is in stark contrast to the goals of efficiency and further supports the need for coordination and consolidation of the actions to a single district.

Centralization would facilitate efficient acquisition and storage of the myriad of electronic documents and would avoid inconsistent productions, unnecessary expense, and undue delay across districts through the implementation of one uniform E-Discovery (ESI) Guideline, discovery schedule, and Protective Order. Likewise, with the growing number of cases filed across the nation, centralization would evade the inevitable complication of repetitive and potentially conflicting pretrial rulings that would arise if judges across districts were to rule on the various pretrial and dispositive issues.[3] Here, it's clear that consolidation and centralization is

---

[3] *See In re: Testosterone Replacement Therapy Prods. Liab. Litig.*, 2014 WL 2547824 at *2 (J.P.M.L. 2014) (holding that centralization of claims "will reduce potentially costly expert discovery, facilitate the establishment of a uniformed pretrial approach to these cases, reduce the potential for inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.").

appropriate as common questions of fact are presented, and it would serve and promote the convenience of parties and witnesses and the efficiency of the actions.

### B. The Southern District of Illinois is the most appropriate transferee court for consolidation and coordination.

The Southern District of Illinois has more Invokana actions currently pending than any other district court, and what's more, these actions have already progressed in the discovery process. The Southern District of Illinois also has a respected track record for hosting two of the largest MDLs involving thousands of claims relating to pharmaceutical drugs.[4] Judge Herndon sitting in the Southern District of Illinois has proven that he has the knowledge and experience to effectively and efficiently see this litigation to resolution. Given the voluminous caseload currently pending in the Southern District of Illinois and the long-standing history of the Southern District of Illinois in managing MDLs involving pharmaceutical drugs, the most appropriate transferee court for consolidation and coordination is the Southern District of Illinois.

### 1. The Southern District of Illinois has more Invokana actions pending than any other district court and these actions are more advanced than any other district.

The Southern District of Illinois has more actions pending than any other district with one hundred eleven (111) claimants currently on file—all of which have been assigned to Judge Staci

---

[4] This Panel recognizes the benefits of transferring proceedings to districts hosting litigations involving similar and even competing pharmaceutical products. *See, e.g., In re: Am. Med Sys., Inc., Pelvic Repair Sys. Products Liab. Litig.*, 844 F. Supp. 2d 1359, 1360 (J.P.M.L. 2012) ("Chief Judge Joseph R. Goodwin . . . is currently presiding over MDL No. 2187, which involves claims of defects in similar pelvic surgical mesh products, and is uniquely situated to preside over the similar claims in these three [other] MDLs [involving] [] pelvic surgical mesh products . . . ."); *In re: Effexor (Venlafaxine Hydrochloride) Products Liab. Litig.*, 959 F. Supp. 2d 1359, 1360 (J.P.M.L. 2013) ("The claims regarding Effexor . . . parallel the claims as to the drug Zoloft in MDL No. 2342 – which is already before Judge Rufe . . . . Judge Rufe . . . is in a unique position to guide this litigation, involving some of the same parties and counsel as MDL No. 2342, to an efficient resolution."); *In re: Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL 2545, 2014 WL 2547824 at *2 (J.P.M.L. 2014) (centralizing cases involving several different testosterone replacement therapy products in one district court on an industry-wide basis).

Yandle.[5] It is well-established that this Panel often selects a district court where the majority of actions are currently pending. *See, e.g.*, *In re: Puerto Rican Cabotage Antitrust Litig.*, 571 F. Supp. 2d 1378 (J.P.M.L. 2008); *In re: Freight Fuel Surcharge Antitrust Litig.*, 528 F. Supp. 2d 1358, 1359 (J.P.M.L. 2007). Several status conferences in these matters have been conducted and an ESI Order and Protective Order were entered in April 2016. To date, Janssen has generated seven productions containing nearly four million pages of paper. Because the majority of Invokana and Invokamet cases are currently pending in the Southern District of Illinois, the Plaintiffs have responded to extensive written discovery, and expert deadlines and trial dates have been set and agreed to by Janssen, the Southern District of Illinois is the best forum for centralization and consolidation of all actions. It should also be noted that the cases in the Southern District of Illinois are the only ones where the Defendant Mitsubishi Tanabe has been served and entered an appearance.

    **2.** **Both Judge Staci Yandle and Judge David Herndon sitting in the Southern District of Illinois are experienced jurists with the ability to efficiently manage this litigation.**

Judge Yandle has practiced law for nearly thirty years; she has spent twenty years in private practice and has taught as an adjunct professor at the St. Louis University School of Law. Judge Yandle has litigated virtually every type of civil litigation in her career, and as such, Judge Yandle has a wealth of personal knowledge and litigation experience. Judge Herndon has almost a decade of experience managing complex MDLs—and doing so simultaneously. In 2009, this Panel found the Southern District of Illinois to be the most appropriate forum for *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, MDL

---

[5] The four actions involving the 111 claimants include: *Allen v. Janssen Pharmaceuticals*, Case No. 3:15-cv-01195-SMY-DGW; *Schurman v. Janssen Pharmaceuticals*, Case No. 3:15-cv-01180-SMY-DGW; and *Counts v. Janssen Pharmaceuticals*, Case No. 3:15-cv-01196-SMY-DGW; *Freeman v. Janssen Pharmaceuticals,* Case No. 3:16-cv-00557-SMY-DGW. All four actions have been assigned to Judge Yandle.

2100 ("*Yaz MDL*"). See <u>Exhibit 1</u>, Transfer Order, 09-md-2100, Doc. 1. In 2012, this Panel also found the Southern District of Illinois to be the best forum for *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL 2385 ("*Pradaxa MDL*"). See <u>Exhibit 2</u>, Transfer Order, 12-md-2385, Doc. 1.

The *Yaz MDL* was one of the largest mass torts of its kind by the sheer number of cases and millions of documents produced during discovery. It took less than twenty-seven (27) months to conduct discovery, select *bellwether* cases, prepare for trial, and rule on *Daubert* motions. Moreover, before the first *bellwether* case was tried, the parties reached a global settlement resolving virtually all of the pending cases in both federal and state courts involving more than 18,000 cases. Judge Herndon oversaw and facilitated the resolution of these 18,000 cases. In the *Pradaxa MDL*, the parties reached a nationwide settlement involving more than 4,500 claimants in both federal and state court in just less than twenty-two (22) months from the time this Panel transferred the cases to the Southern District of Illinois. Within the same timeframe, Judge Herndon effectively ruled on twenty-eight (28) status hearings and entered eighty-five (85) Case Management Orders. Both the *Yaz MDL* and the *Pradaxa MDL* are effectively concluded.[6]

The Southern District of Illinois' Clerk's office is also aptly equipped to support this litigation. The Southern District of Illinois' Clerk's office provides a streamlined process for direct filing of complaints, as well as a state-of-the-art webpage for each proceeding, which provides an abundance of useful information and documents for attorneys and litigants.[7] With experienced judges and support staff, and with a track record for successfully managing

---

[6] There are less than five Yaz cases pending and these cases will be remanded to the appropriate jurisdictions for trial. There are no cases left pending in the *Pradaxa MDL*.
[7] *See* webpage for *Pradaxa MDL*, available at http://www.ilsd.uscourts.gov/mdl/mdl2385.aspx.

pharmaceutical MDLs, the Southern District of Illinois is the most appropriate forum for a fair and efficient handling of this litigation.

### 3. The Southern District of Illinois is a central and convenient venue.

The Southern District of Illinois is a central and convenient location for travel for hearings and trial. This Panel has emphasized that "although air travel renders both [coasts of the United States, California and New York] readily accessible, there is still something to be said for the convenience of a geographically central forum." *In re Library Editions of Children's Books*, 297 F. Supp. 385, 387 (J.P.M.L. 1968); *See also In re: Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 883 F. Supp. 2d 1355, 1356 (J.P.M.L. 2012) ("[T]he Southern District of Illinois' geographically central location and accessibility also commend it for this nationwide products liability litigation."); *In re: General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) (explaining that the Southern District of Illinois is an appropriate transferee district in part because it "is centrally located in relation to the parties."). Therefore, as a centrally located district, the Southern District of Illinois is the most convenient and thus the most appropriate forum for the transfer and consolidation of all actions.

### C. In the alternative, the District of New Jersey is a suitable forum for this MDL.

In the alternative to the Southern District of Illinois, the District of New Jersey is a suitable forum, and specifically Judge Brian Martinotti is a suitable jurist, to host the instant MDL. Judge Martinotti has served in a judicial capacity since 2002. From 2009 until his appointment to the federal bench in July 2016, Judge Martinotti served as the Bergen County's mass tort judge in state court. In his role, Judge Martinotti oversaw several pharmaceutical litigations, including, among others: *In re Mirena Litig.* (Case No. 297); *In re Yaz, Yasmin and*

*Ocella Litig.* (Case No. 287); and *In re DePuy ASR Hip Implant Litig.* (Case No. 293).[8] Judge Brian Martinotti is experienced in handling pharmaceutical litigations and thus, the District of New Jersey is a suitable forum for the centralization of these actions in the alternative to the Southern District of Illinois.

**III. CONCLUSION**

For the foregoing reasons, Interested Parties respectfully request that these cases be consolidated to a single district court for pretrial proceedings pursuant to Section 1407, specifically in the Southern District of Illinois before Judge Staci Yandle or David Herndon. In the alternative, Interested Parties respectfully request that these cases be transferred and consolidated before Judge Brain Martinotti sitting in the District Court of New Jersey.

Dated: October 12, 2016         ___/s/ Roger C. Denton_____
                                ROGER C. DENTON
                                **Schlichter, Bogard & Denton, LLP**
                                100 South 4th Street, Suite 1200
                                St. Louis, MO 63102
                                314-621-6115
                                Fax: 314-721-1365
                                Email: rdenton@uselaws.com

Attorney For Plaintiffs: *Anthony Allen, William Counts, Gene Schurman, Brenda Freeman, as Personal Representative of the Estate of Everett Freeman, deceased, Cynthia Acker, Mary Acosta, Irma Amador, Brandon Andrews, Timothy Bailey, David Bartram, Zako Bassil, Estella Benson, Reginald Boldon, Robert Bolton, Christopher Bopper, Barry Bressler, Mary Brockett, Jeri Buckley, William Campbell, Diana Castro, Ron Chapman, Cynthia Cole, Robert Coogan, David Cornell, Crystal Williams, Individually and on behalf of Mikel Duty, deceased, Elizabeth*

---

[8] *See* New Jersey Court's webpage noting the additional pharmaceutical litigations, available at http://www.judiciary.state.nj.us/mass-tort/.

*Curlett, Irma Donatelli, Mary Duniphin, Shameka Ellis, Frances Elrod, Marsha Engle, Michael Francis, Rebecca Frey, Millye Gailey, Benigno Garcia, David Gordon, Deborah Hancock, Wendy Hansen, Brian Heaney, Kenneth Hemingway, Guillermo Hernandez, William Calbow, Lawrence Herring, Larry Hightower, Carol Hollingsworth, Dana Hudson, George Jones, Shirley King, Deborah Knox Bush, Douglas Koontz, Timothy Krinsky, Candice Laidley, Alfredo Leal, Scott Lenhart, Rhonda Litchfield, Scotty Long, Leo Longoria, Fides Maribao, Tom Martilotta, Gwendolyn Martin, Gary Mattice, James McCall, Nancy McMahan, Chip McVay, Warren Merrill, Darryl Mitchell, Debra Morey, Mariano Navarro, Deanna Neff, Demetria Nelson, David Nira, Johnny Penton, Vanellen Hawthorne, Tina Perkins, Denise Phillips, Joe Phillips, William Portser, Christopher Posey, George Prather, Ronald Pullis, Michelle Ramper, Robert Reinhart, Vicki Roberts, Angela Robinson, Janice Robinson, Mario Rodriguez, Abbie Salamon, Charles Schenkenberger, Lisa Schmieg, Patricia Scott, Dan Sherman, Kenneth Singleton, Hank Skinner, Sharon Stevenson, John Stewart, Tony Stiles, George Stomi, Jr., Kathy Stone, Letitia Strange, John Sturtz, Laymin Taha, James Traina, Michael Wade, Geoffrey Warren, Kenneth Washington, Phyllis Washington, Nancy Weaver, Dick Wheeler, Katherine White, Walker Williams, Clifford Wright*