# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: INVOKANA (CANAGLIFLOZIN)**
**PRODUCTS LIABILITY LITIGATION**                      MDL No. 2750

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in 29 actions pending in the District of New Jersey move under 28 U.S.C. § 1407 to centralize this litigation in that district.  The litigation consists of 55 actions, as listed on the attached Schedule A.   The Panel has been informed of 44 additional related federal actions.[1]

The 55 actions involve allegations that ingestion of the drug Invokana may cause a variety of injuries, including diabetic ketoacidosis and kidney damage, and that defendant Janssen Pharmaceuticals, Inc. (Janssen), which developed and manufactured the drug, failed to adequately test the drug and warn of its risks.  Invokana and its sister drug Invokamet[2] belong to a class of diabetes drugs known as Sodium Glucose Cotransporter 2 (SGLT2) inhibitors.  Other SLGT2 inhibitors include Farxiga (dapagliflozin) and Jardiance (empagliflozin).  Farxiga is marketed and distributed by AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, AstraZeneca PLC, and Bristol-Myers Squibb Co. (collectively the Farxiga Defendants), and Jardiance is marketed and distributed by Boehringer Ingelheim Pharmaceuticals, Inc., Eli Lilly and Company, and Lilly USA, LLC (collectively the Jardiance Defendants).  Of the 55 actions, only one, the Western District of Kentucky *House* action, is a so-called "combination case" – an action involving ingestion of not only Invokana or Invokamet but also another SGLT2 inhibitor (in this case, Farxiga).

The central dispute concerning centralization is whether the proposed MDL should include only Invokana/Invokamet cases or cases involving other SGLT2 inhibitors, including Farxiga and Jardiance.[3]  Moving plaintiffs, as well as plaintiffs in certain other actions, support centralization of only Invokana/Invokamet cases, but differ, to some extent, regarding the choice of a transferee

---

[*]  Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]  Those actions and any other related federal actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]   The active ingredient in Invokana is canagliflozin, while Invokamet contains both canagliflozin and metformin.

[3]  Twenty of the 44 potential tag-along actions are Farxiga-only cases, Jardiance-only cases, or "combination cases."

-2-

district.  Plaintiffs in six District of New Jersey constituent actions (*Erway*, *Johnston*, *Mullin*, *Puente*, *Sanders*, and *Sarkisyan*) and three District of New Jersey potential tag-along action (*Aris*, *Monot*, and *Plott*) support centralization of the Invokana/Invokamet cases in the District of New Jersey.[4]  Plaintiffs in four Southern District of Illinois constituent actions (*Allen*, *Counts*, *Freeman*, and *Schurman*) and the Western District of Kentucky *House* constituent action support centralization of the Invokana/Invokamet cases in the Southern District of Illinois (or, in the alternative, the District of New Jersey).  Plaintiff in an Eastern District of Missouri potential tag-along action (*Seamon*) supports centralization of Invokana/Invokamet cases in the Eastern District of Missouri (or, in the alternative, the District of New Jersey).

Plaintiff in the constituent District of Minnesota *Schroeder* action, as well as plaintiffs in two potential tag-along actions[5] (collectively the *Schroeder* Plaintiffs), argue for "class-wide" centralization, in the Northern District of Illinois, of cases involving not only Invokana but also Farxiga and Jardiance.  Plaintiffs in seven potential tag-along actions[6] support the *Schroeder* Plaintiffs' position in its entirety.  Plaintiffs in eight potential tag-along actions[7] support class-wide centralization, but in the District of New Jersey.  Plaintiff in a potential tag-along action (*Martin*) in the Northern District of West Virginia supports class-wide centralization, but in the Northern District of West Virginia (or, in the alternative, the Northern District of Illinois).

Janssen supports centralization of only Invokana/Invokamet in the District of New Jersey (or, in the alternative, the Northern District of Illinois).  The Farxiga Defendants oppose inclusion of any Farxiga claims or cases in the proposed MDL.  If the Panel orders class-wide centralization over their objections, then the Farxiga Defendants favor centralization in either the District of New Jersey or the Northern District of Illinois.  The Jardiance Defendants oppose inclusion of any Jardiance claims or cases in the proposed MDL.

On the basis of the papers filed and the hearing session held, we find that the Invokana/Invokamet actions involve common questions of fact, and that centralization of these cases will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The actions share factual questions arising from allegations that taking Invokana or Invokamet may result in patients suffering various injuries, including diabetic ketoacidosis and

---

[4]  The *Puente*, *Sanders*, *Sarkisyan*, and *Plott* plaintiffs support centralization in the Southern District of Illinois, in the alternative.

[5]  Southern District of Indiana *MacMurray* and Western District of Tennessee *Mitchell*.

[6]  Central District of California *Gray*, Northern District of Florida *Kampke*, Central District of Illinois *Cape*, Northern District of Illinois *Faedtke*, Southern District of Illinois *Klein*, Southern District of New York *Warner*, and Northern District of Ohio *Carlson*.

[7]  Southern District of New York *Burkett*, *Doty*, *Fowler*, *Hudson*, *Perez*, *Ponce*, *Popwell*, and *Prosser*.

kidney damage. The actions thus implicate numerous common issues concerning the development, manufacture, testing, regulatory history, promotion, and labeling of the drugs. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* issues and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary.

On the current record, we are not convinced that the MDL should include claims involving Farxiga, Jardiance, or any other SLGT2 inhibitor, including any such claims in "combination cases." We are "typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products." *See, e.g.*, *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012). Centralizing competing defendants in the same MDL may unnecessarily complicate case management, due to the need to protect trade secret and confidential information. *See, e.g., In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) ("Centralization of all actions against all manufacturers will add few efficiencies to the resolution of this litigation," and "could complicate these matters, as defendants may need to erect complicated confidentiality barriers, since they are business competitors."). In addition, a multi-defendant MDL may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials. Here, especially given the relatively small number of Farxiga-only cases (fifteen), Jardiance-only cases (three), and "combination cases" (three), we conclude that class-wide centralization is not warranted at the present time.

We select the District of New Jersey as transferee district for this litigation. Janssen is headquartered in that district, and many witnesses and relevant documents are likely to be found there. In addition, 37 of the constituent actions are pending in that district, as are multiple tag-along actions. Finally, centralization in the District of New Jersey allows us to assign the litigation to Judge Brian R. Martinotti, an able and experienced jurist who has not had the opportunity to preside over an MDL. Judge Martinotti already is presiding over the constituent and tag-along actions pending in the district, and we are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Brian R. Martinotti for coordinated or consolidated pretrial proceedings.

-4-

IT IS FURTHER ORDERED that the claims in the Western District of Kentucky *House* action against defendants Bristol-Myers Squibb Company, AstraZeneca PLC, AstraZeneca LP, AstraZeneca Pharmaceuticals LP, and AstraZeneca AB are simultaneously separated and remanded to the Western District of Kentucky.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Catherine D. Perry | |

**IN RE: INVOKANA (CANAGLIFLOZIN)**
**PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2750

## SCHEDULE A

Eastern District of California

ANZO v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 2:15-02217

Northern District of Georgia

BRAZIL v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
      C.A. No. 4:15-00204

Northern District of Illinois

DAVIS v. JANSSEN PHARMACEUTICALS, INC., C.A. No. 1:16-08838

Southern District of Illinois

SCHURMAN v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:15-01180
ALLEN v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:15-01195
COUNTS v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:15-01196
FREEMAN, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
      C.A. No. 3:16-00557

Western District of Kentucky

HOUSE v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:15-00894
ADYE v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:16-00107
ADKINS v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
      C.A. No. 3:16-00330
WOODWARD v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
      C.A. No. 3:16-00486

Eastern District of Louisiana

GUIDRY v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 2:15-04591
MADDOX v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 2:16-01189
LESSARD v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 2:16-02329

- A2 -

**MDL No. 2750 Schedule A (Continued)**

Middle District of Louisiana

JACKSON, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-00319

Western District of Louisiana

MARSHALL v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 5:16-00664
RUTLAND v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 5:16-00666

District of Minnesota

SCHROEDER v. JANSSEN PHARMACEUTICALS, INC., C.A. No. 0:16-03035

District of New Jersey

PUENTE, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:15-08070
BENJAMIN v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-01786
PARTINGTON v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-01787
ANDERS, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-01897
SWINNEY, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-01898
SEIFRIED v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-01931
BOWLING, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-02048
ROBERTSON, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-02050
HUMPHRIES, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-02278
GARCIA v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-02361
MILBURN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
    C.A. No. 3:16-02386
KUNO v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-02938
THOMPSON v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-03114
HENDERSON, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:16-03362
WADDLE v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-04024
WARREN v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-04136

- A3 -

**MDL No. 2750 Schedule A (Continued)**

DESALIS v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-04484
FOREHAND v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-04485
JACKSON v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-04486
ROGERS v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-04489
SUTHERLAND v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
      C.A. No. 3:16-04490
LEMKE v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05316
JOHNSTON v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05383
MULLIN v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05388
ERWAY v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05394
ERVIN, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05478
SARKISYAN, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
      C.A. No. 3:16-05479
BUCHANAN v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05645
FELIX v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05649
HUDSON v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05674
JAYJOHN, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
      C.A. No. 3:16-05675
KEMP, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05676
LUNA, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05677
POOLE v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05681
STRINGER, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
      C.A. No. 3:16-05682
WILLIAMS v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05683
SANDERS v. JANSSEN PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-05940